Dear Mr. Collins:
You have requested the opinion of this office on behalf of the Board of Commissioners of Our Lady of the Sea General Hospital on the following issues:
 1. Did the prior administration of the Hospital have the authority to enter into an elevator service contract with a term longer than three years?
 2. Does the Hospital have the authority to cancel the contract after three years of a five year term now that the elevators have been modified with new equipment installed under a publicly bid contract?
 3. Do the provisions of R.S. 39:1515 regarding multi-year contracts apply to the Hospital?
R.S. 39:1615 expresses the general public policy preference that contracts for goods or services should be of relatively short term; however, the Hospital as a political subdivision of the state is subject to the provisions of Title 38, The Public Bid Law, rather than Title 39, the Procurement Code, which is applicable to the state itself. The Public Bid Law contains no explicit limitation on the term of contracts which political subdivisions may enter, but a "reasonableness" test has generally been applied to this issue. Therefore, it is possible, but not certain, that a contract with a term of five years would be considered reasonable.
You have indicated that the Hospital's elevators have recently been modernized with new equipment installed by U.S. Elevators pursuant to a publicly bid contract and that there now have arisen conflicts between the maintenance contractor and the installer of the modernized equipment over responsibility for servicing the elevators as now equipped. It appears that the modernization of the elevators was necessary due to public safety concerns and not something done without good cause. Since the subject matter of the contract — the elevators — have now been substantially altered and this alteration has caused conflict regarding responsibility for maintenance of the elevators, a crucial safety concern, it would appear reasonable to terminate the original maintenance contract and enter into a new contract for the refurbished elevators.
Civil Code Articles 1876—1878 provide for the dissolution or alteration of contracts when a fortuitous event makes performance of the original obligation impossible. These provisions would seem to be applicable to this contract.
I trust that this answers your inquiry. Please let us know if we may be of any further assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ GLENN R. DUCOTE
Assistant Attorney General
RPI/GRD/cla
Date Received: Date Released: July 26, 1996
Glenn R. Ducote Assistant Attorney General